894

M. A. Hathcoat, for appellant.

BAKER, J. This appeal arises out of an order made by the chancery court of Newton county affecting certain lands therein, in which the appellant and appellee are alleged to own an undivided one-third interest each, and in settlement of their controversy a decree was entered on July 13, 1937, ordering a sale of the appellant's undivided one-third interest, in the event appellee failed to pay $350 for the appellant's interest in the land. A payment was to be made on or before the first day of September, 1937, of $100, and the balance in payments of $10 on the first day of each month thereafter. A lien was declared on the lands for the payment of this debt. In the event appellee should fail to pay it was provided that the lands might be sold in satisfaction of the claims as under execution. No appeal was taken from this decree.

Thereafter, on the 25th day of May, 1938, without any pleadings of any kind, the court made a further order, in vacation, without notice to the appellant, it

being stated therein that the appellee, defendant in that cause, was unable to perform the decrees of the court by reason of adversity, sickness and other casualties. The court ordered the sale of the land mentioned to be stayed until further orders of the court and until such time as the defendant might be able to secure funds with which to comply with the former orders of the court. The plaintiff, the appellant here, then filed a petition in said court praying that the order made, on the 25th day of May, directing the clerk to withhold the sale of the lands, such order being without notice to appellant, be canceled and set aside. The plaintiff further pleaded the fact that his necessities required relief, and that the defendant was able to borrow or secure funds with which to pay for the property, as well as settle other indebtedness against the property. This petition was duly verified. Attached to it was certificate of physician to the effect that the plaintiff was suffering from high blood pressure and was unable to perform manual labor. The chancellor indorsed upon this petition the following: "Taken under advisement for decree in vacation, March 29th and set for trial on said date in chambers at Harrison, 3-29-39." On that date, 29th day of March, an order was made, upon a submission of the case, upon plaintiff's petition, upon the former decree, and the order made in vacation on May 25th. There appears to have been no other proof. The court made this finding: "and the court finds that there is now due on said decree, entered at page 202 of chancery court record 'G,' ($130), and that said judgment should be reduced by the amount of $30, leaving a balance for the defendant to pay of only $100." If we may judge from the recitals in this decree, and from the further fact of the certificate of the clerk, to the effect that he has filed the entire record in this matter, and from the further allegation set forth in appellant's brief, which is undenied, we are at a loss to determine how the learned chancellor reduced the original judgment from $350 to $100, in the absence of payments or any pleading or contention showing that there was any fraud or mistake.

896

.We are not unaware of the fact that the original decree set forth the fact that the appellee here had the privilege of buying this property for the sum of $350. The presumption from the remainder of the decree is that she accepted that privilege or offer, and the provision is made therein for a lien on the land, to be held as security or guaranty for the payment of the said sum of money. Our attention is called to the fact that after this decree was rendered there was a lapse of the term of the court at which it was made and entered. It seems that it necessarily follows that this decree might not have been changed or modified, or set aside except under the provisions of law, such as arise under unavoidable casualty. Section 8246, Pope's Digest. There is not even a contention that there has been any payment. Indeed, the record is without any kind of pleading justifying any modification of the original decree. Nor is there any evidence to supply a reason. Moreover, there is the affirmative showing that the record as presented is complete.

The order of May 25, 1938, was irregular and erroneous and should have been vacated in conformity with the prayer of the petition heard on March 29, 1939.

If payments have been made on original judgment and decree that fact should be ascertained and property be now sold under it for any balance due or owing.

This suit involves real estate in Newton county, and for that reason a reversal is ordered so that proper record may appear there. Further procedure will be in accordance with this opinion.

